UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY GENE HEGGEM,

    Plaintiff,

v.

JOSEPH LOPIN, et al.,

    Defendants.

Case No. C11-2123-RSL-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Larry Gene Heggem is currently incarcerated at the Stafford Creek Corrections Center, a prison operated by the Washington State Department of Corrections ("DOC"). Plaintiff is proceeding *pro se* in this 42 U.S.C. § 1983 civil rights action related to incidents that occurred when Plaintiff was incarcerated at the Monroe Corrections Complex, another DOC prison. Specifically, Plaintiff alleges that the Defendants, two DOC health care providers and one DOC guard, were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment, and that one Defendant used excessive force against him.

This matter comes before the Court on the Defendants' motion to dismiss. Dkt. 17. The Court, having considered the Defendants' motion to dismiss, Plaintiff's response, the governing law, and the balance of the record, recommends that the Defendants' motion, Dkt. 17, be GRANTED.

## II. JURISDICTION

This Court has federal question jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1983. *See* 28 U.S.C. § 1331. The Court also has jurisdiction over all the parties in this case, as they are residents of Washington. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## III. BACKGROUND

A. <u>Factual Background</u>

Plaintiff's amended complaint seeks monetary relief against several DOC employees for deliberate indifference to his medical needs starting in August 2011 and continuing to the present time. Dkt. 8 at 3. Specifically, Plaintiff alleges that Dr. Joseph Lopin failed to order MRI scans after Plaintiff received face and forehead wounds on November 30, 2011. *Id*. Plaintiff also alleges that Dr. William Collins wrongfully refused to prescribe a panic medication that Plaintiff requested. *Id*. Plaintiff alleges that he was injured on January 4, 2012, after Officer David Heise used excessive force against him, and Dr. Lopin again failed to order MRI scans or prescribe strong pain medication. *Id*. Lastly, Plaintiff alleges that Dr. Laura Manigo-Hedt wrongfully withheld certain medications despite Plaintiff's serious pain. *Id.*

During the time period between August 2011 and January 27, 2012, Plaintiff filed approximately 23 grievances with DOC via the Washington Offender Grievance Program

("OGP") related to the medication concerns and excessive force alleged in Plaintiff's complaint.[1] Specifically, Plaintiff filed twelve grievances alleging a denial of methadone or other opiate pain medications. *See* Dkt. 17, Ex. 1 Att. C, F, G, I, J, L, P, S, T, V, W, X[2]. Plaintiff filed eight grievances alleging a denial of klonopin. *See id.*, Att. B, D, F, G, I, L, O, P. Plaintiff filed three grievances alleging a denial of milk thistle. *See id.*, Att. E, K, Q.

Thirteen of these grievances were returned to Plaintiff unadjudicated because they exceeded the five-grievance maximum under the OGP. *See id.*, Att. D, F-H, J-L, R-W. Four more were returned unadjudicated because the grievances contained too many issues in one grievance form, in violation of OGP rules. *See id.*, Att. B, C, I, X. Each of these unadjudicated grievances was returned with a notice explaining how or what needed to be corrected. *See id.*, Att. B-D, F-I, J-L, W-X. Plaintiff either failed to resubmit the grievances, or simply resubmitted the original grievance without correction. *See id.*, Att. B & C. Another grievance was denied as time-barred. *See id.*, Att. M. One grievance related to Plaintiff's lack of information about the medications he was taking, and though the records indicated that Plaintiff had been provided information in the past, the grievance was accepted and Plaintiff was provided with additional copies of the information. *See id.*, Att. N.

Four of Plaintiff's grievances were filed properly and were addressed on their merits, and eventually denied. *See id.*, Att. E (grievance regarding lack of milk thistle and "medical pot"), O (grievance regarding lack of celexa and klonopin), P (grievance regarding lack of methadone, oxycodone, seroquel, and klonopin), Q (grievance regarding lack of milk thistle). As to one of

---

[1] Under the OGP, an offender may file grievances challenging certain aspects of their confinement, but a grievance must be filed within twenty days after a grievable incident occurs. *See* Dkt. 17, Ex. 1 ¶¶ 4, 7. An offender cannot file more than five new grievances per calendar week, and is limited to five active grievances at any one time. *Id*. ¶ 8. The grievance procedure consists of four levels of review. *Id*. ¶ 6.

[2] The grievance contained in Attachment X also includes Plaintiff's allegations related to excessive force.

these grievances (Attachment E), Plaintiff could have appealed the denial but did not; as to the other three grievances, Plaintiff did not appeal the denial until after this lawsuit was filed and the record reflects that the appeals have not yet been investigated or decided. *See id.*, Att. O, P, Q.

B. <u>Procedural History</u>

Plaintiff initiated this lawsuit on December 19, 2011. Dkt. 1. On January 3, 2012, this Court declined to serve Plaintiff's complaint due to several specified deficiencies. Dkt. 7. Plaintiff filed his amended complaint on January 17, 2012. Dkt. 8. Ten days later, the Court directed service of plaintiff's amended complaint. Dkt. 9.

The Defendants filed a motion to dismiss on March 16, 2012, arguing that, *inter alia*, the Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to exhaust his administrative remedies. The Defendants also requested that the Court find this lawsuit to be duplicative and frivolous, and that it merits a "strike" under the Prison Litigation Reform Act ("PLRA") of 1995, 28 U.S.C. § 1915(g). Plaintiff filed a response in which he, *inter alia*, dismisses his claims against Defendant Laura Manigo-Hedt but otherwise contends that he was unable to exhaust his administrative remedies with regard to the grievances at issue because he had already reached his five-grievance maximum. *See* Dkt. 18. The Defendants did not file a Reply Brief.

IV. DISCUSSION

A. <u>Legal Standards</u>

1. Motions to Dismiss

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts that state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Dismissal

is appropriate 'if "'there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Id.* (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

### 2. The PLRA's Exhaustion Requirement

The PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also Jones v. Bock*, 549 U.S. 199, 211-12 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The PLRA does not define "prison conditions," but the Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Exhaustion under the PLRA must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In order to properly exhaust, a prisoner must comply with a prison's grievance procedures. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91. This includes "compliance with [a prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. *Accord Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (proper exhaustion "means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue.").

The Ninth Circuit has further clarified that exhaustion of administrative remedies is a pre-condition to filing a lawsuit: if a claim was not exhausted *before* the lawsuit is filed, the claim

must be dismissed. *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002).

B. <u>Plaintiff has Failed to Exhaust His Administrative Remedies as Required by the PLRA</u>

As described above, Plaintiff has filed 23 grievances related to the allegations included in his amended complaint. Most of these grievances were not adjudicated and returned to Plaintiff because they did not comply with OGP rules. *See* Dkt. 17, Ex. 1 at Att. B-D, F-M, R-X. Though Plaintiff had the opportunity to correct the deficiencies and resubmit, he either did not do so or simply resubmitted the same grievance. *See id.*, Att. B &C.

Four of Plaintiff's grievances related to alleged denial of medication were filed properly and were addressed on their merits and ultimately denied. Those grievances address the Defendants' denial of milk thistle, "medical pot," celexa, klonopin, methadone, oxycodone, and seroquel. *See id.*, Att. E (grievance denied on September 26, 2011), O (grievance denied on February 8, 2012), P (grievance denied on February 8, 2012), Q (grievance denied on February 8, 2012). At the time that Plaintiff filed this lawsuit, he had not appealed the denial of these grievances. He appealed the three grievances denied on February 8, 2012, weeks after this lawsuit was filed on December 19, 2011. Plaintiff's additional submissions attached to his response are consistent with this timeline. *See* Dkt. 18, Exs. A-G. Because Plaintiff had not exhausted his administrative remedies with regard to these denied grievances at the time he filed the lawsuit, the claims related to the medication-related grievances must be dismissed. *See McKinney*, 311 F.3d 1200-01.

Plaintiff's only grievance related to Defendant Heise's alleged use of excessive force was received by DOC on January 5, 2012. *See* Dkt. 17, Ex. 1 at Att. X (alleging that Plaintiff had been injured by Defendant Heise and needed an MRI and pain medication). This grievance was returned to Plaintiff on January 6, 2012, with instructions that it needed to be rewritten to comply

with OGP rules and resubmitted within five days. *Id.* The record reflects that Plaintiff did not correct and re-file, and thus this grievance remains unexhausted. As such, it must be dismissed. *See McKinney*, 311 F.3d 1200-01.

Though the Defendants request that the Court dismiss Plaintiff's unexhausted claims with prejudice, given that the deadline to appeal the unexhausted grievances has passed for most of the grievances, the Defendants do acknowledge that the Plaintiff is in the process of pursuing appeals as to some of the grievances filed or denied after Plaintiff filed this suit. Dkt. 17 at 12. Under these circumstances, the Court finds that dismissal without prejudice would be appropriate to allow Plaintiff to exhaust. *See McKinney*, 311 F.3d at 1200-01 (explaining that dismissal without prejudice for failure to exhaust serves the PLRA's objectives).

C.      This Suit is Frivolous and Duplicative, and Constitutes a "Strike" Under the PLRA

Plaintiff's claims in this lawsuit include allegations that Defendants Lopin and Manigo-Hedt were deliberately indifferent to his medical needs when they denied him MRI scans, methadone, klonopin, and milk thistle. Plaintiff previously filed a lawsuit alleging those same facts and raising the same claims, and that suit is currently pending before the Honorable Ronald B. Leighton in this District. *See Heggem v. MCC*, Case No. C11-5985-RBL-KLS (initiated November 30, 2011). In his response to Defendants' motion to dismiss this case, Plaintiff indirectly acknowledges the overlap of facts between his lawsuits, referring to documents filed in the record of Judge Leighton's case regarding his arguments in this case. Dkt. 18.

The Court agrees with Defendants that under these circumstances, this lawsuit is frivolous because it is duplicative and represents an attempt to abuse the judicial process. Accordingly, the Court recommends that the dismissal of this suit should be considered a "strike" under the PLRA, 28 U.S.C. § 1915(g).

## V. CONCLUSION

For the reasons discussed above, the Court recommends that the Defendants' motion to dismiss, Dkt. 17, be GRANTED, and this case be DISMISSED without prejudice, and that such dismissal shall constitute a "strike" for purposes of the PLRA. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of April, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge